UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JAMES A. WILLITTS, SR., | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 20-cv-11255-ADB |
| | * | |
| ENGIE NORTH AMERICA INC., | * | |
| | * | |
| Defendant. | * | |

**MEMORANDUM AND ORDER**

BURROUGHS, D.J.

In this employment action, Plaintiff James A. Willitts, Sr., who is proceeding *pro se*, alleges that his former employer, Defendant Engie North America Inc. ("Engie"), discriminated against him.  [ECF No. 14 ("Am. Compl.")].  Although he brought multiple claims, the Court dismissed most of them, and Mr. Willitts' sole remaining claim is for a violation of the Americans with Disabilities Act ("ADA").  See Willitts v. Engie N. Am. Inc., No. 20-cv-11255, 2021 WL 2322833, at *3–8 (D. Mass. June 6, 2021).  Although his theory is not completely clear, Mr. Willitts seems to aver that Engie failed to provide him with a reasonable accommodation and/or demoted him in or around September 2016 because of his purported disabilities.  Id. at *7–8.  Currently before the Court are six motions to compel filed by Mr. Willitts, [ECF Nos. 55, 57, 59, 61, 65, 66], and Engie's motion to strike Mr. Willitts' jury demand or, in the alternative, stay these proceedings in favor of arbitration, [ECF No. 62]. Additionally, Mr. Willitts has, without the Court's leave or Engie's consent, filed two amended complaints.  [ECF Nos. 54, 58].  For the reasons set forth below, Mr. Willitts' motions to compel

are DENIED (some, with leave to renew), Mr. Willitts' amended complaints are STRUCK, and Engie's motion to strike is DENIED with leave to renew.

## I. MR. WILLITTS' MOTIONS TO COMPEL

### A. Motions to Compel Unitil Corporation and Fitchburg Gas and Electric Light Company (ECF Nos. 55, 59)

Mr. Willitts moves to compel non-party Unitil Corporation ("Unitil") to produce documents and to allow him to inspect a switchyard and take photos of certain equipment. [ECF No. 55]. He appears to seek the documents and the switchyard inspection in connection with an allegation that Engie and Unitil violated regulations promulgated by the Occupational Safety and Health Administration ("OSHA") at the switchyard in June 2013. [ECF No. 55 at 2–3]. Unitil asserts that it does not maintain or own the switchyard at issue or possess any documents related to the alleged OSHA violation. [ECF No. 67 at 1, 8]. Additionally, Unitil argues that the information that Willitts seeks is not relevant to his sole remaining claim and that producing documents and permitting a site visit would be unduly burdensome. [Id. at 5–8].

According to a sworn declaration filed by Sandra L. Whitney, the Secretary of Unitil and its subsidiary Fitchburg Gas and Electric Light Company ("FG&E"), Unitil "does not own or maintain any of [sic] electric utility infrastructure of [sic] equipment, nor does it directly own or maintain any documentation related to the same."[1] [ECF No. 67-2 ¶ 4]. Because Unitil does not possess the documents that Mr. Willitts seeks or own the switchyard that he wishes to inspect, Mr. Willitts' subpoena is directed at the wrong entity, and his motion, [ECF No. 55], is therefore DENIED.

---

[1] In his reply brief, Mr. Willitts asserts that Unitil's employees were involved in and/or aware of the alleged OSHA violations in June 2013. [ECF No. 72 at 1–2]. Even if Mr. Willitts' speculation is correct, it does not change the fact that Unitil neither possesses the documents he seeks nor owns or maintains the site he wishes to inspect.

In a motion essentially identical to his motion to compel Unitil, Mr. Willitts also moves to compel non-party FG&E to produce documents and allow a switchyard inspection. Compare [ECF No. 55 (Unitil)], with [ECF No. 59 (FG&E)]. FG&E argues that the information that Willitts seeks is irrelevant to his claim and that producing documents and permitting a site visit would be unduly burdensome. [ECF No. 68 at 5–7].

As noted above, there is one live claim in this case: an ADA claim against Engie. See Willitts, 2021 WL 2322833, at *3–8. An alleged OSHA violation in June 2013, nearly a year before Mr. Willitts alleges he began working for Engie's predecessor, see id. at *1, is not germane to that claim. Mr. Willitts seems to aver that Engie took negative employment action against him, in part, because he was aware of the alleged OSHA violation and an effort by Engie, Unitil, and FG&E to cover it up. [ECF No. 72 at 1–5]. That is not, however, the theory that he has advanced in his amended complaint. See [Am. Compl.]. Additionally, even if the June 2013 incident were relevant to his ADA claim, it is not clear why Mr. Willitts needs information from FG&E. If Mr. Willitts' contention is that Engie refused to give him a reasonable accommodation or otherwise violated the ADA because of his knowledge of the June 2013 incident, then it is Engie's documents, not FG&E's, that would shed light on that contention. Accordingly, Mr. Willitts' motion to compel FG&E, [ECF No. 59], is DENIED.

B.      **Motions to Compel Ms. Cohen and Ms. Tosti (ECF Nos. 57, 65)**

Mr. Willitts moves to compel his former attorney, Allyson H. Cohen, to produce documents related to his past discrimination claims against Engie. [ECF No. 57]. Ms. Cohen has not responded to the motion.

The Court is not confident that Ms. Cohen has been properly served with a subpoena. Federal Rule of Civil Procedure 45(b)(1) provides that "[s]erving a subpoena requires delivering

3

a copy to the named person." Fed. R. Civ. P. 45(b)(1). There is a split of authority regarding whether mailing a subpoena constitutes "deliver[y]" within the meaning of the rule. See In re New Eng. Compounding Pharmacy, Inc. Prods. Liab. Litig., No. 13-mdl-02419, 2013 WL 6058483, at *4 (D. Mass. Nov. 13, 2013) (discussing the split of authority). Even assuming that the Court would agree with the "growing minority trend and find[] that service" is proper "where it was effectuated by a means reasonably calculated to complete delivery and the respondent[] receive[s] actual notice," id. at *5, it is not clear here that Ms. Cohen has received actual notice of the subpoena. In his motion, Mr. Willitts asserts that he served Ms. Cohen by mailing the subpoena to her last known abode in North Grafton, Massachusetts. [ECF No. 57 at 2]. The only proof of service that he has filed, however, indicates that the subpoena was mailed to Ms. Cohen at her office in Westborough, Massachusetts, [ECF No. 49 at 1], and Mr. Willitts has seemingly acknowledged that Ms. Cohen no longer works there, see [ECF No. 57 at 2].

Given this lack of clarity regarding whether Ms. Cohen was, in fact, made aware of the subpoena, the Court is not prepared to grant Mr. Willitts' motion at this juncture. Accordingly, the motion, [ECF No. 57], is <u>DENIED</u> with leave to renew if necessary. The Court encourages Mr. Willitts to attempt to contact Ms. Cohen via phone or email and is hopeful that, if he is able to do so, Ms. Cohen will voluntarily provide him with any relevant documents in her possession, custody, or control. If he is unable to contact her or obtain the relevant documents from her, he may renew his motion. Any such filing should include a new proof of service and indicate why he believes Ms. Cohen resides at the North Grafton, Massachusetts address referenced in his motion.

Ms. Willitts also moves to compel another former attorney (and one of Ms. Cohen's associates), Laura B. Tosti, to produce documents related to his previous claims against Engie.

[ECF No. 65]. Although Ms. Tosti has also not responded to the motion, Mr. Willitts represents that she informed him via email that she will be abroad until November 2021. See [id. at 2]. It is unlikely that, to the extent she has any responsive documents, she can easily produce them from overseas, and the Court is unwilling to burden her by requiring that she cut short an international trip to respond to a third-party subpoena. See Fed. R. Civ. P. 45(d)(1) (noting that a party "responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena"). Accordingly, the Court suggests that Mr. Willitts (1) await Ms. Tosti's return to the United States and/or (2) ask Ms. Tosti for Ms. Cohen's contact information, as he may be able to obtain the requested documents from Ms. Cohen, which would obviate the need for Ms. Tosti to respond to the subpoena. Accordingly, Mr. Willitts' motion, [ECF No. 65], is DENIED with leave to renew if necessary.

      **C.**      **Motion to Compel the Massachusetts Commission Against Discrimination (ECF No. 61)**

Mr. Willitts moves to compel the Massachusetts Commission Against Discrimination (the "MCAD") to produce documents related to his MCAD complaint against Engie. [ECF No. 61]. The MCAD has not responded to the motion.

Mr. Willitts' proof of service indicates that the subpoena was hand delivered to an MCAD employee at the MCAD office in Springfield, Massachusetts on August 30, 2021. [ECF No. 44 at 1–2]. Specifically, the proof of service indicates that the subpoena was handed to an "associate" of Patty Woods with the intention that it would be passed along to Ms. Woods. See [ECF No. 44 at 2]. Ms. Woods seems to have been the MCAD's Assistant Clerk. See Massachusetts Commission Against Discrimination, State Government Organizational Charts, https://budget.digital.mass.gov/bb/gaa/fy2019/app_19/dpt_19/hccad.htm (last visited Nov. 10, 2021). Sadly, Ms. Woods appears to have passed away on September 12, 2021. See Pattie's

Obituary, New England Funeral & Cremation Center, LLC, https://www.nefcc.net/obituary/pattie-woods (last visited Nov. 10, 2021). Given this unfortunate chain of events, the Court fears that Mr. Willitts' subpoena may have been lost in the shuffle. Accordingly, Mr. Willitts' motion, [ECF No. 61], is DENIED with leave to renew if necessary. The Court encourages Mr. Willitts to utilize the phone number and email address on the MCAD website to attempt to communicate with someone directly in an effort to obtain the requested materials. The Court is hopeful that Mr. Willitts will be able to explain his situation and/or determine to whom a subpoena should be directed (or if a subpoena is even necessary).

### D. Motion to Compel Engie (ECF No. 66)

Mr. Willitts moves to compel Engie to produce documents. [ECF No. 66]. Engie responds that Mr. Willitts' motion should be denied because: (1) he failed to confer with Engie prior to filing his motion; (2) Engie properly construed the subpoena as a set of Interrogatories and Requests for Production governed by Federal Rules of Civil Procedure 33 and 34; (3) Engie has responded to Mr. Willitts' discovery requests, rendering the motion moot; and (4) Mr. Willitts' requests are overbroad. [ECF No. 73 at 3–7].

Given Engie's representation that it responded to Mr. Willitts' requests on October 13, 2021, see [ECF No. 73 at 5], Mr. Willitts' motion, [ECF No. 66], is DENIED with leave to renew if necessary. Should Mr. Willitts be unsatisfied with Engie's response, he may renew his motion. If such a motion is necessary, Mr. Willitts shall first comply with the meet-and-confer obligations set forth in Local Rules 7.1 and 37.1. Additionally, Mr. Willitts should be prepared to justify the breadth of his document requests in light of the fact that his sole remaining claim in this action is an ADA claim related to an employment action allegedly taken by Engie in 2016.

The Court is particularly dubious that documents related to purported OSHA violations in 2013 are relevant to that claim.

## II.     MR. WILLITTS' AMENDED COMPLAINTS

Despite having already filed an amended complaint, [Am. Compl.], Mr. Willitts filed additional amended complaints on September 16, 2021 and September 29, 2021, [ECF Nos. 54, 58]. To amend again, he needed to obtain Engie's "written consent or the [C]ourt's leave." Fed. R. Civ. P. 15(a)(2). He has not done so. Accordingly, the two proposed amended complaints, [ECF Nos. 54, 58], were improperly filed and are hereby STRUCK.

If Mr. Willitts wishes to file an amended complaint, he should seek consent from Engie and, if that proves unsuccessful, seek leave from the Court. Before doing so, the Court encourages Mr. Willitts to consider the arguments regarding futility raised by Engie in its brief. [ECF No. 70]. Additionally, Mr. Willitts should be prepared to articulate why he did not include the allegations that he now seeks to add when he first amended his complaint in December 2020. Finally, Mr. Willitts should not expect Engie and the Court to closely scrutinize a proposed amended complaint to detect differences between it and the operative complaint. Instead, he should identify differences between the two complaints and, if possible, attach to any motion a redline clearly showing those differences.

## III.    ENGIE'S MOTION TO STRIKE JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 39(a)(2), Engie moves to strike Mr. Willitts' jury demand, designate this case for a bench trial, and remove the case's jury trial designation. [ECF No. 62]. In the alternative, Engie seeks a stay of this case pending arbitration. [Id.]. Engie argues that Mr. Willitts' employment contract contains both a jury waiver and a mandatory arbitration provision that would be triggered by a finding that the contractual jury

waiver is unenforceable. [ECF No. 63 at 3–9]. Mr. Willitts makes a series of arguments as to why this contractual jury waiver is inapplicable. [ECF No. 64 at 2–3; ECF No. 69 at 2–4].[2] Because the Court finds Mr. Willitts' first argument convincing, it does not address the others.

It is undisputed that Mr. Willitts signed an employment contract with the following language in it:

> We hope that our relationship will be mutually beneficial and that no issue will arise either during its course or as a result of the eventual termination of our relationship. If issues do arise that we are not able to resolve by agreement, it is in the best interest of both you and the Company that the issue be resolved as fairly, expediently and cost effectively as possible. ACCORDINGLY, YOU AND THE COMPANY AGREE TO WAIVE THE RIGHT TO A JURY TRIAL IN THE EVENT OF A DISPUTE BETWEEN YOU AND THE COMPANY. You and the Company agree and recognize that the mutual promise to waive a jury trial constitutes fair and adequate consideration for this promise. In the event the issues cannot be resolved by agreement within thirty (30) days of the dispute arising and this jury waiver is found unenforceable, then you and the Company agree to seek resolution pursuant to the terms of the arbitration agreement enclosed.

[ECF No. 63-1 at 3].

Mr. Willitts maintains that while he may have waived his right to a jury trial vis-à-vis Engie's predecessor, GDF Suez Energy North America, Inc. ("GDF Suez"), he has not done so vis-à-vis Engie. [ECF No. 64 at 2–3; ECF No. 69 at 2]. The contract containing the jury waiver is between Mr. Willitts and GDF Suez. See [ECF No. 63-1]. As a general matter, only parties to a contract can enforce a contractual jury waiver. See Med. Air Tech. Corp. v. Marwan Inv., Inc., 303 F.3d 11, 18 (1st Cir. 2002) ("In general, a contractual waiver binds only the parties who sign the contract."); Textron Fin. Corp. v. Ship & Sail, Inc., No. 09-cv-00617, 2011 WL 344134, at *3 (D.R.I. Jan. 31, 2011) (noting that federal law "generally provides that 'a jury waiver provision in a contract . . . affects *only the rights of the parties to that contract*.'" (quoting

---

[2] Mr. Willitts opposed Engie's motion on October 1, 2021, [ECF No. 64], and filed another opposition on October 13, 2021, [ECF No. 69].

Hulsey v. West, 966 F.2d 579, 581 (10th Cir. 1992))). Although Engie states, without elaboration, that it stepped into GDF Suez's shoes in connection with Mr. Willitts' employment and therefore can enforce the employment contract's jury waiver, [ECF No. 63 at 6 n.3], the only contractual jury waiver case that Engie relies on does not discuss the principles of successors-in-interest or assumption in any detail. See Neuro-Rehab Assocs., Inc. v. AMRESCO Com. Fin., L.L.C., No. 05-cv-12338, 2006 WL 1704258, at *1 n.2 (D. Mass. June 19, 2006).[3] Further, Engie has shed no light on how and why Mr. Willitts became an employee of Engie, as opposed to GDF Suez. Nor has Engie presented any evidence that it formally assumed, or was assigned, GDF Suez's interest in Mr. Willitts' employment contract. Finally, the employment contract itself does not indicate that the jury waiver provision—or, for that matter, any other provision—would govern any person or party beyond Mr. Willitts and GDF Suez. See [ECF 63-1]. It does not, as many contracts do, purport to bind GDF's assigns and/or successors-in-interest. [Id.]. Based on the record before it, the Court finds that the contractual jury waiver does not apply to Mr. Willitts' claim against Engie. At bottom, the Court is unwilling to permit Engie, a non-party to the contract, to enforce a contractual jury waiver based solely on its own conclusory statement that it stepped into GDF Suez's shoes. Accordingly,

---

[3] Engie also cites Symonds v. Credico (USA) LLC, No. 20-cv-10192, 2020 WL 7075028 (D. Mass. Dec. 3, 2020), for the unremarkable proposition that non-parties to arbitration agreements can, under certain principles of state contract law, enforce them. [ECF No. 63 at 6 n.3]. Notably, however, Engie has failed to explain, beyond its conclusory statement that "Engie stands in the shoes of [GDF Suez] for purposes of the Employment Agreement," why principles of contract law allow it to enforce the contractual jury waiver here. [Id.].

Engie's motion to strike Mr. Willitts' jury demand, [ECF No. 62], is <u>DENIED</u> with leave to renew.[4]

As noted above, Engie advances the alternative argument that the Court should stay this proceeding in favor of arbitration. The employment contract's arbitration provision, however, is triggered only if the jury waiver is "found unenforceable." [ECF No. 63-1 at 3]. The Court has not found that the jury waiver is "unenforceable." Rather, it has simply found that it cannot, on the record before it, enforce a jury waiver in a contract between GDF Suez and Mr. Willitts with respect to Mr. Willitts' claims against Engie where Engie is not a party to the contract.[5] Therefore, the arbitration clause is inapplicable, and Engie's motion to stay this proceeding in favor of arbitration, [ECF No. 62], is <u>DENIED</u> with leave to renew.[6]

## IV. CONCLUSION

For the reasons set forth above, Mr. Willitts' motions to compel, [ECF Nos. 55, 57, 59, 61, 65, 66], are <u>DENIED</u> (some, with leave to renew), his improperly filed amended complaints, [ECF Nos. 54, 58], are <u>STRUCK</u>, and Engie's motion to strike Mr. Willitts' jury demand or stay these proceedings in favor of arbitration, [ECF No. 62], is <u>DENIED</u> with leave to renew.

**SO ORDERED.**

November 10, 2021                                /s/ Allison D. Burroughs
                                                             ALLISON D. BURROUGHS
                                                             U.S. DISTRICT JUDGE

---

[4] If Engie is able to demonstrate that it assumed or was assigned Mr. Willitts' employment contract (or, despite its status as a non-party, is otherwise entitled to enforce the jury waiver therein), it may renew its motion.

[5] The Court takes no position on whether GDF Suez would be able to enforce the contractual jury waiver.

[6] If Engie renews its motion to strike the jury demand, Mr. Willitts will be entitled to renew his argument that the contractual jury waiver is unenforceable and, in response, Engie could renew its request to stay proceedings in favor of arbitration.